IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MAHON, III and JAMES MAHON, IV, | : | No. 3:09cv2148 |
| Plaintiffs | : | |
| v. | : | (Judge Munley) |
| LAKE LEHMAN SCHOOL DISTRICT; CHARLES BALAVAGE; MARK KORNOSKI; HAROLD GRAY; HAROLD CORNELL; JOHN OLIVER, III; and MODERNO ROSSI, | : | |
| Defendants | : | |

## **MEMORANDUM**

Before the court is the defendants' motion to dismiss the complaint (Doc. 1). Having been fully briefed, the motion is ripe for disposition.

## **BACKGROUND**

This is a civil rights action brought by Plaintiff James Mahon, III ("Mahon Sr.") and his son Plaintiff James Mahon, IV ("Mahon Jr."). Mahon Sr. is a former teacher and coach with Defendant Lake Lehman School District. (Compl. at ¶ 19 (Doc. 1)). Mahon Jr. is a former president of the Lake Lehman School Board. (Id. at ¶ 22).

Defendants Charles Balavage ("Balavage"), Mark Kornoski ("Kornoski"), Harold Gray ("Gray") and John Oliver, III ("Oliver") were members of the Lake Lehman School Board. (Id. at ¶ 10 to 14). They will be referred to collectively as the Board Defendants.

The plaintiffs allege that, in the years 2006 and 2007, Mahon Jr. used his influence as a former board president to support the District's teachers in a labor dispute with the school board. (Id. at ¶ 22). Mahon Jr. allegedly encouraged the settlement of a contract between the teachers and the board. (Id. at ¶ 23).

Mahon Jr.'s support for the teachers allegedly frustrated the Board

Defendants who instructed Defendant Moderno Rossi ("Rossi"), as a non-board member "go between," to speak with Mahon Jr. (Id. at ¶¶ 24, 27, 29). Rossi informed Mahon Jr. that his support for the teachers jeopardized the renewal of Mahon Sr.'s job as assistant coach. (Id. at ¶ 24). The plaintiffs allege that Mahon Sr. had already been recommended for the assistantship by the head coach and that board approval is normally perfunctory. (Id. at ¶¶ 25, 26).

The plaintiffs allege that on November 7, 2007, the District, through its Board, denied the renewal of Mahon Sr.'s job as assistant coach because Mahon Jr. "refused to change his position which was supportive of the teachers on a pending contract with the District's teachers." (Id. at ¶¶ 18, 28). This position paid Mahon Sr. $4,000.00 per year. (Id. at ¶ 21).

The plaintiffs filed their complaint on November 3, 2009, alleging that the defendants did not renew Mahon Sr.'s coaching position in retaliation for Mahon Jr.'s decision to support the District's teachers, in violation of 42 U.S.C. § 1983 and the First Amendment to the United States Constitution. (Id. at ¶¶ 16, 17). The defendants filed the instant motion to dismiss on January 5, 2010, bringing the case to its present posture. (Doc. 9).

**JURISDICTION**

The court has federal question jurisdiction over this civil rights action brought under 42 U.S.C. § 1983. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. §§ 1343(a)(3), (4) (granting district courts jurisdiction over civil actions brought to redress deprivations of constitutional or statutory rights by way of damages or equitable relief).

**LEGAL STANDARD**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's

allegations are tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). However, "we are not bound to accept as true a legal conclusion

3

couched as a factual allegation." Ashcroft v. Iqbal, -- U.S. --, 129 S. Ct. 1937, 1949-50 (2009) (internal quotations omitted).

To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**DISCUSSION**

The plaintiffs have brought suit pursuant to section 1983. Section 1983 does not, by its own terms, create substantive rights. Rather, it provides remedies for deprivations of rights established elsewhere in the Constitution or federal law. United States v. Kneipp, 95 F.3d 1199, 1204 (3d Cir. 1996). In pertinent part, section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Thus, to establish a claim under section 1983, two criteria must be met. First, the conduct complained of must have been committed by a person acting under color of state law. Second, the conduct must deprive the plaintiff of rights secured under the Constitution or federal law. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998). We will address these criteria, in order.

**1. State Actors**

We must determine whether the defendants were acting under color

4

of state law when they denied Mahon Sr.'s coaching position.  The defendants argue that Defendant Moderno Rossi is not a state actor because he is not on the school board.[1]

A state actor is one who "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Abbot v. Latshaw, 164 F.3d 141, 146 (3d Cir. 1998) (quoting West v. Atkins, 487 U.S. 42, 49 (1988); United States v. Classic, 313 U.S. 299, 326 (1941)).  Additionally, as the plaintiffs note, "[p]rivate persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute.  To act 'under color' of law does not require that the accused be an officer of the State.  It is enough that he is a willful participant in joint activity with the State or its agents." Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970) (internal quotation and citation omitted).

Accepting as true all the facts that the plaintiffs have alleged, the complaint states a plausible claim that Defendant Moderno Rossi was a state actor.  The plaintiffs allege that Rossi conveyed a threat to Mahon Jr. on behalf of the Board Defendants.  That alleged action indicates willful participation with the District and Board Defendants.  Accordingly, Rossi is not entitled to dismissal of the claims against him.

**2. Deprivation of Constitutional Rights**

Having established that the defendants were state actors for purposes of section 1983, we must determine whether they deprived the plaintiffs of their First Amendment rights.  The plaintiffs allege that the

---

[1] The Defendants appear to concede that the District and the Board Defendants were state actors because they only argue that Defendant Moderno Rossi was not.

defendants blocked the renewal of Mahon Sr.'s public employment in retaliation for Mahon Jr.'s support for teachers in the school district.

"The Supreme Court has explicitly held that an individual has a viable claim against the government when he is able to prove that the government took action against him in retaliation for his exercise of First Amendment rights." Anderson v. Davila, 125 F.3d 148, 160 (3d Cir. 1997) (citing Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 283 (1977)). A First Amendment retaliation claim under 42 U.S.C. § 1983 requires that plaintiffs "show (1) that they engaged in a protected activity, (2) that defendants' retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights, and (3) that there was a causal connection between the protected activity and the retaliatory action." Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007) (citing Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006); Estate of Smith v. Marasco, 318 F.3d 497, 512 (3d Cir. 2003)).

Mahon Jr. has adequately pleaded that he engaged in protected activity. Accepting as true all the facts that the plaintiffs have alleged, the complaint states a plausible claim that Mahon Jr. publicly supported the teachers union in its efforts to negotiate a contract, thereby exercising his rights under the First Amendment. While the complaint does not specify to whom Mahon Jr. communicated his support, the complaint plausibly supports the notion that he made his thoughts publicly known since the Board Defendants knew of them, and Mahon Jr. was influential in the contract process. Nowhere in the complaint, however, is there an allegation that Mahon Sr. ever exercised his First Amendment rights of speech or association, or otherwise engaged in protected activity. Accordingly, the defendants' motion to dismiss for lack of protected activity

6

will be denied with respect to Mahon Jr. and granted with respect to Mahon Sr. who will be dismissed.

Proceeding to the second element, Mahon Jr. has pleaded facts which, if true, indicate a retaliatory action by defendants sufficient to dissuade an average person from speaking out.  The plaintiffs allege that the defendants threatened Mahon Jr. that Mahon Sr. would not continue as assistant coach and that they did, in fact, prevent the renewal of Mahon Sr.'s coaching position.  We find that blocking a family member from keeping his job would be sufficient to deter a person of ordinary firmness from exercising his First Amendment rights.  The defendants' motion to dismiss based on lack of retaliation will be denied.

Finally, the plaintiffs have established a causal link between the alleged protected speech and retaliation.  The plaintiffs have alleged that the defendants, acting through Defendant Rossi, threatened to deny Mahon Sr. a coaching position if Mahon Jr. continued to support the teachers.  Plaintiffs further allege that Mahon Jr. continued his support and that the defendants subsequently denied Mahon Sr.'s position.  Therefore, the plaintiffs have pleaded a causal link and the defendants' motion to dismiss will be denied.

**3. Legislative Immunity**

The defendants claim that they are entitled to absolute legislative immunity for their refusal to renew Mahon Sr.'s coaching position.  "It is true that local legislators, like federal and state legislators, are absolutely immune from liability for their legislative activities." In re Montgomery County, 215 F.3d 367, 376 (3d Cir. 2000) (citing Bogan v. Scott-Harris, 523 U.S. 44, 49 (1998)).  To be entitled to immunity, the activity must have been both substantively legislative (involving general policy-making or line-drawing) and procedurally legislative (taken according to established

legislative procedures). In re Montgomery County, 215 F.3d at 376 (citing Carver v. Foerster, 102 F.3d 96, 100 (3d Cir. 1996)).

Focusing on the allegations found in the complaint, see In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1426, we cannot determine at this point whether legislative immunity is appropriate. The complaint states that the defendants "overtly refused to hire [Mahon Sr.]" and "intentionally acted to deny [Mahon Sr.] the job as assistant coach." (Compl. at ¶¶ 1, 28). These allegations alone are insufficient to establish that the defendants acted in either a substantively or procedurally legislative fashion. The court will be in a better position to evaluate the merits of this defense after discovery has been conducted. Accordingly, the motion to dismiss based on legislative immunity will be denied.

**4. Municipal Liability**

The defendants argue that Defendant Lake Lehman School District should be dismissed because it is a political subdivision of the Commonwealth of Pennsylvania and that it had no policy, practice, or custom condoning retaliation against employees who exercised their First Amendment rights. A municipality may be found liable under section 1983 only when the municipality itself has caused a constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). The Supreme Court has rejected attempts to hold municipalities liable under the theories of respondeat superior or vicarious liability. Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 736 (1989).

The Supreme Court has stated that "for purposes of § 1983 an act could not be attributed to a municipality merely because it was an act of a municipal agent performed in the course of exercising a power delegated to the municipality by local law, and we reasoned instead that 'it is [only] when execution of a government's policy or custom, whether made by its

8

lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.'" Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 417 (1997) (quoting Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 694 (1978)). This policy requirement is satisfied "where no rule has been announced as "policy" but federal law has been violated by an act of the policymaker itself. In this situation, the choice of policy and its implementation are one, and the first or only action will suffice to ground municipal liability simply because it is the very policymaker who is acting." Brown, 520 U.S. at 418 (citing Pembaur v. Cincinnati, 475 U.S. 469, 480-481 (1986)).

The plaintiffs have alleged facts showing that the policymaker itself– the District– retaliated against Mahon Sr. based on the protected activity of Mahon Jr. The plaintiffs have alleged that the District blocked the renewal of Mahon Sr.'s contract in return for Mahon Jr.'s exercising his rights under the First Amendment. Accordingly, the defendants' motion to dismiss the complaint will be denied with respect to Defendant Lake Lehman School District.

**CONCLUSION**

For the reasons stated above, the defendants' motion to dismiss the complaint will be granted, in part, and denied, in part. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MAHON, III and JAMES MAHON, IV, <br>     Plaintiffs <br> v. <br> LAKE LEHMAN SCHOOL DISTRICT; CHARLES BALAVAGE; MARK KORNOSKI; HAROLD GRAY; JOHN OLIVER, III; and MODERNO ROSSI, <br>     Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | No. 3:09CV2148 <br><br> (Judge Munley) |

## ORDER

**AND NOW**, to wit, this **5th** day of May, 2010, upon consideration of the defendants' motion to dismiss (Doc. 9), it is HEREBY **ORDERED** that the motion is **GRANTED**, in part, and **DENIED**, in part.

The defendants' motion is **DENIED** with respect to the claims brought by Plaintiff James Mahon, IV. Accordingly, Plaintiff James Mahon, IV's case may proceed against all defendants.

The defendants' motion is **GRANTED** with respect to the claims brought by Plaintiff James Mahon, III. Plaintiff James Mahon, III is HEREBY **DISMISSED**.

                                                    **BY THE COURT:**

                                                    s/ James M. Munley
                                                  **JUDGE JAMES M. MUNLEY**
                                                  **United States District Court**